O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| GURINDER GILL, | ) | Case No. CV-10-3786 CAS |
| | ) | CR-07-1382 CAS |
| Petitioner, | ) | |
| | ) | **ORDER DENYING PETITIONER'S** |
| vs. | ) | **MOTION TO VACATE, SET ASIDE,** |
| | ) | **OR CORRECT SENTENCE** |
| UNITED STATES OF AMERICA, | ) | **PURSUANT TO 28 U.S.C. § 2255** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**I. BACKGROUND**

On January 26, 2009, pursuant to a plea agreement, petitioner pleaded guilty to count eleven of a fourteen-count indictment. Count eleven charged petitioner with possession with intent to distribute more than 5 kilograms, specifically approximately 33 kilograms, of a mixture or substance containing a detectable amount of cocaine, a schedule II narcotic drug controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii).

On April 1, 2009, the respondent filed its sentencing position, stating its agreement with the facts and guidelines calculations set forth in the pre-sentence report. Respondent also stated that petitioner met the criteria for application of the

"safety valve" provisions of United States Sentencing Commission, Guidelines Manual, § 5C1.2 (Nov. 2008).[1]  The safety valve provision allows a sentencing court to determine a sentence in accord with the sentencing guidelines without regard to any statutory minimum sentence.  Based on petitioner's total offense level and criminal history category, petitioner's appropriate sentencing range was 51 to 63 months, and respondent recommended that petitioner be sentenced at the low-end of that range.

On June 18, 2009, petitioner argued for a sentence of 27 months' imprisonment, citing the nature of petitioner's offense, and arguing for a lower sentence than a co-defendant to avoid unwarranted sentencing disparity.  In response, on June 25, 2009, respondent argued that petitioner's first-time offender status was already reflected in his sentencing due to the eligibility of the safety valve provisions, allowing his sentence to be considerably less than the 120-month statutory mandatory minimum sentence.

On August 5, 2009, the Court sentenced defendant to a 51-month term of imprisonment and a five year period of supervised release.  There was no appeal from this sentence.

On May 19, 2010, petitioner filed the instant motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in federal custody.  Petitioner seeks that his sentence be set aside or be reduced due to ineffective assistance of counsel at the plea stage and the sentencing stage.  On August 16, 2010, respondent filed its opposition.  A reply was filed on September 17, 2010.  After carefully considering the arguments raised by the petitioner, the Court hereby finds and concludes as follows.

**II. LEGAL STANDARD**

A motion pursuant to 28 U.S.C. § 2255 challenges a federal conviction and/or sentence to confinement where a prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

---

[1] This was the appropriate version of the sentencing guidelines at the time of petitioner's sentencing.

2

authorized by law, or is otherwise subject to collateral attack." Sanders v. United States, 373 U.S. 1, 2 (1963).

Section 2255 provides that the Court shall conduct a hearing on a motion filed thereunder "[u]nless the motion and files and records of the case conclusively show that the [petitioner] is entitled to no relief." Rule 8 of the Rules Governing § 2255 Proceedings provides that:

> [i]f the motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

The decision whether to hold a hearing is "committed to the court's discretion," and § 2255 "requires only that the judge give the prisoner's claim careful consideration and plenary processing, including a full opportunity for presentation of the relevant facts." Watts v. United States, 841 F.2d 275, 277 (9th Cir. 1988) (citation and internal quotation marks omitted).

A petitioner arguing ineffective assistance of counsel under the Sixth Amendment must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the petitioner. Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (citing Strickland v. Washington, 466 U.S. 668, 688, 695 (1984)). To meet the first requirement, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. There is a heavy burden associated with this requirement, as there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. To meet the second requirement, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Essentially, the result of the proceeding must have been more favorable to the petitioning defendant had counsel acted differently. Id. at 694-94; see also Syers v. Schriro, 547 F.3d 1026, 1030 n.5 (9th Cir. 2008) ("Generally, a defendant

claiming ineffective assistance of counsel for failure to file a particular motion must not only demonstrate a likelihood of prevailing on the motion, but also a reasonable probability that the granting of the motion would have resulted in a more favorable outcome in the entire case.").

**III. DISCUSSION**

Petitioner states that he received ineffective assistance of counsel during both the plea stage and the sentencing stage of the proceedings. Petitioner's arguments at each stage are discussed below.

    **A.    The Plea Stage**

Petitioner argues that respondent interviewed him regarding the benefit of USSG § 5K1.1. U.S.S.G. § 5K1.1 allows a court to depart from the sentencing guidelines and reduce a sentence upon motion by the government that states that a defendant "has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." Petitioner argues that counsel was ineffective by not obtaining such a reduction in his sentence. Petitioner further argues that there was "a high probability that this Court would impose a lower sentence provided it was informed that [petitioner's] sentence was higher when compared with his codefendant." Mot. 4. Petitioner further argues that counsel failed to inform him of the consequences of accepting the plea agreement, especially with regard to his inability to return to Canada. Id. (citing Padilla v. Kentucky, 130 S. Ct. 1473 (2010)).

Respondent states that petitioner is mistaken regarding the reason for his interview, and that he was interviewed for the purpose of determining eligibility for the safety valve of U.S.S.G. § 5C1.2. Opp'n 5. Respondent submits the declaration of William Crowfoot, an Assistant United States Attorney and one of the prosecutors assigned to petitioner's case, to support this statement. Respondent further states that petitioner's attorney inquired about any further sentence reduction under U.S.S.G. § 5K1.1, but was told that there was no basis for such a reduction. Id. Furthermore, a reduction in sentence based on USSG § 5K1.1 can only occur after motion from the

government. Respondent notes that petitioner's counsel argued for a reduced sentence on June 18, 2009, pointing out a possible sentencing disparity between petitioner and a co-defendant. Id. at 2. Respondent further argues that any reliance by petitioner on Padilla is misplaced because the rule announced in Padilla can not be applied retroactively to cases on collateral review. Id. at 6 (citing Schiro v. Summerlin, 542 U.S. 348, 351-52 (2004) and Teague v. Lane, 489 U.S. 288 (1989)). Respondent also notes that the plea agreement signed by petitioner indicated that conviction in the case could subject him to deportation. Id. at 7.

It is clear that petitioner's version of the facts is supported by the record. Defendant's counsel filed the sentencing position on June 18, 2009. Docket No. 156. The filing indicates that the purpose of the March 12, 2009 meeting was to discuss applicability of the safety valve of U.S.S.G. § 5C1.2. Given the facts, it seems clear that petitioner's counsel acted reasonably with respect to the § 5K1.1 motion. Regardless of the retroactivity of Padilla, the case does not suggest that a reasonable attorney must understand the immigration laws of a foreign country and all possible consequences to a given defendant because of those laws. Padilla states that "a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." Padilla, 130 S. Ct. at 1483. Thus, petitioner has not satisfied the first requirement of the Strickland inquiry with regard to counsel's effectiveness at the plea stage.

### B.     The Sentencing Stage

At the sentencing stage, petitioner argues that his counsel was ineffective because he was unprepared to answer the government's rationale for comparison of petitioner's sentence with that of a codefendant, he failed to raise the § 5K1.1 issue, and made no arguments in mitigation of the sentence, such as the singularity of petitioner's offense and his limited connection to the unlawful activities. Mot. 6.

Respondent indicates that, as discussed above, the § 5K1.1 argument fails because petitioner's counsel could not make such a motion. Opp'n 7. Additionally,

5

respondent points out that petitioner's counsel did seek a substantial reduction of petitioner's sentence based on a disparity argument, as well as other facts and circumstances of the case. Id.

Again, the sentencing position filed by petitioner's counsel of June 18, 2009 addresses the arguments that petitioner claims were not raised during sentencing. Docket No. 156. The filing specifically requests a lighter sentence in light of the circumstances and nature of petitioner's offense, petitioner's history and characteristics, the seriousness of petitioner's offense, the public interest, and the sentencing disparity concern. Id. And as discussed above, the § 5K1.1 argument fails because petitioner's counsel had no ability to make such a motion, as that is at the discretion of the prosecution. Thus, petitioner has not satisfied the first requirement of the Strickland inquiry with regard to counsel's effectiveness at the sentencing stage.

### IV. CONCLUSION

Having duly considered petitioner's arguments, the Court finds that the record shows conclusively that petitioner is not entitled to the requested relief. The Court concludes that an evidentiary hearing is not required to adjudicate this matter. In accordance with the foregoing, petitioner's motion is hereby DISMISSED.

IT IS SO ORDERED.

Dated: November 30, 2010

_____
CHRISTINA A. SNYDER
United States District Judge